# EXHIBIT A

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| KATHLEEN KILLEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No: N19C-05-135 NJB |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CONNECTIONS, CSP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1.     Plaintiff, Kathleen Killeen ("Plaintiff"), files this action against Defendant, Connections, CSP, Inc. ("Defendant" or "Connections"), for compensatory damages and punitive damages for violations of the Americans with Disabilities Act of 1990,  Delaware Persons with Disabilities in Employment Protections Act, the Delaware Whistleblowers Act and Breach of the Covenant of Good Faith and Fair Dealing.

**NATURE OF THE ACTION**

2.     Defendant Connections CSP, Inc. employed plaintiff from January 4, 2016, until her wrongful termination on May 16, 2016.

3.     Defendant engaged in disability discrimination and wrongfully discriminated against Plaintiff by virtue of her disability and its failure to accommodate her, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.*, and the Delaware Persons with Disabilities Employment Protections Act, 19 *Del.C.* §720, *et seq.*

4.     Defendant violated the Delaware Whistleblower Protection Act 19 *Del C.* § 1701 *et seq.*

1

5.      Defendant breached the implied covenant of good faith and fair dealing which, under Delaware law, inheres in every contract.

## JURISDICTION

6.      This Court has jurisdictions pursuant to 19 *Del. C.* § 727(a), 10 *Del.C.* § 541 and 19 *Del.C.* §1704(b).

## PARTIES

7.      Plaintiff, Kathleen Killeen, ("Plaintiff), is a resident of New Castle County, Delaware, who at all times relevant to this Complaint was an employee of Defendant, Connections CSP, Inc.

8.      Defendant, Connections CSP, Inc. ("Defendant"), is located at 3821 Lancaster Pike, Wilmington, Delaware 19805 and is subject to service of process at same.

## ADMINISTRATIVE PROCESS

9.      On July 13, 2016, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging disability discrimination against Defendant Connections CSP, Inc.

10.      On August 2, 2016, the Delaware Department of Labor issued their Preliminary Findings and Recommendations, referring the case to mediation.

11.      On October 17, 2016, the Delaware Department of Labor referred the case back to investigation due to a mediation impasse.

12.      On March 25, 2019, Plaintiff received a Final Determination and Right to Sue from the DDOL, with a no cause determination.

13.      On May 17, 2019, Plaintiff received a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commissioner ("EEOC"), attached hereto as Exhibit A.

14.     Plaintiff filed this action initially alleging discrimination under state statutes

within ninety (90) days after receipt of her Right to Sue Notice from the DDOL and subsequently

amended her Complaint to add causes of action under the Federal statutes after receiving her

EEOC Right to Sue Notice.

15.     Plaintiff has satisfied all statutory prerequisites prior to filing this action against

Defendant.

## FACTS

16.     Plaintiff began her employment with Connections on January 1, 2016, as a

Licensed Clinical Social Worker.

17.     Plaintiff held the position of Licensed Clinical Social Worker until her wrongful

termination on May 16, 2016.

18.     At the time of her hire and multiple times thereafter, Plaintiff informed

Connections of her disability. Specifically, Plaintiff advised Anna Harmon, her director, of her

lupus condition as well as her rheumatoid arthritis condition.

19.     From the beginning of Plaintiff's employment, Connections required Plaintiff to

package and distribute prescription medicine, including narcotics, for subsequent patient usage.

20.     Plaintiff was immediately concerned by this practice, as the packaging and

distribution of prescription and narcotic drugs was outside the scope of her licensure as a

Licensed Clinical Social Worker, and therefore, she was not qualified to perform this function.

21.     Specifically, Plaintiff stated to Defendant she was uncomfortable with the practice

of packaging and distributing drugs, as that was the Registered Nurses job.

22.     Plaintiff notified Ms. Ross and the Director of Nursing of her concerns and

advised Defendant to delegate this responsibility to the appropriate personnel.

3

23.     Despite Plaintiffs concerns and reports, Defendant continued to force Plaintiff to package and distribute prescription medicine, including narcotics.

25. On May 1, 2016, Plaintiff became seriously ill with vertigo, a condition associated with her rheumatoid arthritis and lupus, and was unable to drive.

24.     Plaintiff first took personal time off to recover, but as her condition worsened, she sought treatment and remained hospitalized for three days.

27. Plaintiff was hospitalized from May 3, 2016, until May 6, 2016.

25.     Plaintiff then was unable to drive or return to work after her hospital stay due to her condition.

26.     On May 11, 2016, Plaintiff contacted Connections via email, inquiring about the use of her paid time off until she was able to return to work.

27.     In response, Connections required Plaintiff to return to work on May 13, 2016, stating any failure to do so *without restrictions* by May 16, 2016, would result in termination of her employment.

28.     On May 16, 2016, Plaintiff informed Connections her only restriction due to her disability was to be restricted from driving until June 8, 2016.

29.     Plaintiff was able to return to work on May 16, 2016, in a position that did not involve driving.

30.     Plaintiff never informed Defendant she was not able to perform her job.

31.     Connections responded by terminating Plaintiff because she could not immediately return to work without any restrictions.

4

## COUNT I
### Discrimination in Violation of the Delaware Persons with Disabilities Employment Protection Act, 19 *Del. C.* § 720 *et seq.*

32.     The allegations of Paragraphs 1 through 31. are incorporated by reference as if fully reinstated herein.

33.     Defendant Connections employs four or more employees and is an "Employer" as defined by 19 *Del. C.* § 710(7.)

34.     At all times relevant hereto, Plaintiff was employed by Defendant Connections and is an "Employee" as defined by 19 *Del. C.* § 710(6).

35.     Plaintiff received a Right to Sue Letter from the DDOL on March 25, 2019. Plaintiff has satisfied all statutory perquisites for filing this action.

36.      It shall be an unlawful employment practice for an employer because of a disability to "discharge or otherwise discriminate against qualified persons with disabilities with respect to compensation, terms, conditions or privileges of employment." 19 *Del. C.* §724(a)(2).

37.     Plaintiff suffers from lupus and rheumatoid arthritis, both physical and mental impairments that substantially limits 1 or more major life activities. 9 *Del. C.* § 722(4)(a).

38.     Plaintiff is qualified to perform the essential functions of a Licensed Clinical Social Worker with a reasonable accommodation of placement in a position which does not require driving, or in the alternative, leave to tend to her disability.

39.     Plaintiff suffered an adverse employment action as a result of Defendant's disability discrimination, when she was terminated on May 16, 2016.

## COUNT II
### Discrimination in Violation of the Americans with Disabilities Act of 1990
### U.S.C. §12101, *et. seq.*

40.     The allegations of Paragraphs 1 through 39. are incorporated by reference as if fully restated herein.

41.     Defendant Connections, employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(3).

42.     At all times relevant hereto, Plaintiff was employed by Defendant, Connections as defined by 42 U.S.C. § 12111(4).

43.     Plaintiff received a Right to Sue letter from the EEOC on May 17, 2019. Plaintiff has satisfied all statutory prerequisites for filing this action.

44.     42 U.S.C. § 12112(a)provides "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regards to …[the] discharge of employees … and other terms, conditions, and privileges of employment."

45.     Plaintiff suffers from lupus and rheumatoid arthritis, both physical and mental impairments that substantially limit one or more life activities 42 U.S.C. § 12102(2).

46.     Plaintiff is qualified to perform the essential functions of a Licensed Clinical Social Worker with a reasonable accommodation of placement in a position which does not require driving, or in the alternative, leave to tend to her disability during flare-ups.

47.     Plaintiff suffered an adverse employment action as a result of Defendant's disability discrimination, when she was terminated on May 16, 2016.

48.     Plaintiff further suffered an adverse employment action when she was told she could not return to work with any restrictions.

6

## COUNT III
### Failure to Accommodate in Violation of the Delaware Persons with Disabilities Employment Protection Act, 19 *Del. C.* § 720 *et seq.*

49.     The allegations of Paragraphs 1 through 48. are incorporated by reference as if fully reinstated herein.

50.     Defendant Connections employs four or more employees and is an "Employer" as defined by 19 *Del. C.* § 710(7.)

51.     At all times relevant hereto, Plaintiff was employed by Defendant Connections and is an "Employee" as defined by 19 *Del. C.* § 710(6).

52.     Plaintiff received a Right to Sue Letter from the DDOL on March 25, 2019. Plaintiff has satisfied all statutory perquisites for filing this action.

53.     Defendant was required to determine Plaintiff's rights when she requested an accommodation in the form of altered job responsibilities or time off until June 8, 2016, when her driving restriction was lifted.

54.     Defendant was then required to initiate an interactive process with her to identify the limitations resulting from her disability and potential reasonable accommodations that could overcome those limitations. 19 *Del. C.* § 723(a-b).

55.     Instead of working with her, Defendant required Plaintiff to return to work on May 13, 2016, *without restrictions* by May 16, 2016, or she would be terminated.

56.     Defendant ultimately terminated Plaintiff in violation of 19 *Del. C.* § 724.

57.     Plaintiff was "disabled" as defined under the Delaware Persons with Disabilities Employment Protection Act.

7

58.     Plaintiff suffers from rheumatoid arthritis and lupus, both significant physical impairments which affect Plaintiff's major life activities, (performing manual tasks, walking, standing, concentrating working, etc.…).

59.     Plaintiff is a "qualified individual" who could perform the essential functions of a Licensed Clinical Social Worker, provided she was given the reasonable accommodation she sought, which was altered job duties or additional time off for a defined period of time.

60.     Plaintiff provided Defendant with all the necessary documentation from her doctor evidencing her disability, limitations and need for leave, and further tried to engage in the interactive process with Connections regarding the details of her disability, from May 3, 2016 until her termination.

61.     However, Defendant refused to engage in the interactive process, ignoring Plaintiff's request for a reasonable accommodation.

62.     Providing the accommodation of leave to Plaintiff was reasonable, as with the recommended treatment, Plaintiff was expected to be able to resume her duties as a Licensed Clinical Social Worker in June of 2016 or sooner, if her daily duties were altered.

63.     Instead, Defendant required Plaintiff to return to work without any restrictions and without any discussion with her as to what, if any, accommodations would permit her to return. Defendant terminated Plaintiff without any discussion.

64.     Defendant has not stated an undue hardship it would have suffered by altering Plaintiff's job duties for a specified limited time or by allowing a limited defined period of additional time off.

65.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including, emotional distress, past and future lost wages and benefits, as well as punitive damages and attorney's fees.

**COUNT IV**
**Failure to Accommodate in Violation of 42 U.S.C. § 12112 of the Americans with Disabilities Act**

66.     The allegations of Paragraphs 1 through 65. are incorporated by reference as if fully reinstated herein.

67.     Defendant Connections employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 1211(4).

68.     At all times relevant hereto, Plaintiff was employed by Defendant Connections and is an employee as defined by 42 U.S.C. § 12111(4).

69.     Plaintiff received a Right to Sue Letter from the EEOC on May 17, 2019. Plaintiff has satisfied all statutory perquisites for filing this action.

70.     42 U.S.C. § 12112(b)(5)(A) provides an employer must make reasonable accommodations to the known physical or mental limitations of a qualified individual with a disability.

71.     Plaintiff was disabled as defined under the Americans with Disabilities Act.

72.     Plaintiff is a "qualified individual" who could perform the essential functions of a Licensed Clinical Social Worker, provided she was granted the accommodation of an altered job responsibilities or time off until June 8, 2016, when her driving restriction was lifted.

73.     Defendant was aware of Plaintiffs disability and requests for accommodation, when she requested an accommodation in the form of altered job responsibilities or time off until June 8, 2016, when her driving restriction was lifted.

74.     Defendant were required to initiate an interactive process with her to identify the limitations resulting from her disability and potential reasonable accommodations that could overcome those limitations. 29 C.F.R. §1630.2(o)(3).

75.     Instead of working with her, Defendants failed to engage in the interactive process and required Plaintiff to return to work on May 13, 2016, *without restrictions* by May 16, 2016, or she would be terminated.

76.     Defendant ultimately terminated Plaintiff in violation of 42 U.S.C. § 121112.

77.     Defendant has not stated an undue hardship it would have suffered by altering Plaintiff's job duties for a specified limited time or by allowing a limited defined period of additional time off.  Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including, emotional distress, past and future lost wages and benefits, as well as punitive damages and attorney's fees.

## COUNT V
### Violations of the Delaware Whistleblower Protection Act

78.     The allegations of Paragraphs 1 through 77. are incorporated by reference as if fully reinstated herein.

79.     Plaintiff engaged in protected activity when she reported Connections unlawful packaging and distribution process to Connections management.

80.     Plaintiff reported a violation as defined in the Delaware Whistleblowers Act, when she reported to Ms. Ross and the Director of Nursing, that she was required to package and distribute prescription drugs, including narcotics, outside of the scope of her license.

81.     Plaintiff reported acts of violations of the Nurses Practice Act which are laws and regulations promulgated to protect employees and the public from health and safety hazards.

82.     Defendant was clearly aware of Plaintiff's reports of unlawful packaging and distribution and failed to take corrective or protective action.

83.     Defendant discharged Plaintiff on May 16, 2016, because she reported to her supervisor a violation, as defined by the Delaware Whistleblower Protection Act, which occurred regarding the packaging and distribution of prescription drugs including narcotics.

84.     There is a casual connection between Plaintiff's reports and the adverse action of discharge based upon the temporal proximity.

85.     Defendant terminated Plaintiff in violation of the Delaware Whistleblower Protection Act.

86.     Plaintiff has been damaged by Defendant's breach of the Delaware Whistleblower Protection Act.

87.     Plaintiff has been injured by Defendant's violation of the Delaware Whistleblower Protection Act, and as a result suffered from economic loss, emotional distress, and humiliation.

88.     Plaintiff is entitled to damages for back pay, front pay, benefits, consequential damages, and compensatory damages.

89.     Plaintiff is entitled to punitive damages regarding Defendant's conduct, to prevent future violations.

**<u>COUNT VI</u>**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

90.     The allegations of Paragraphs 1 through 89. are incorporated by reference as if fully reinstated herein.

91.     Every contract, whether oral or written, express or implied, has a covenant to the effect that neither party to the contract will do anything in bad faith to prevent the other party to

the contract from enjoying the benefits of the contract. This is known as the implied covenant of good faith and fair dealing, and this covenant applies to the employment agreement between Plaintiff and Defendant.

92.    Defendant breached this covenant by intentionally discriminating against Plaintiff because of her disability and terminating Plaintiff in violation of public policy.

93.    81.Defendant's breach of the implied covenant of good faith and fair dealing has damaged Plaintiff, financially and professionally.

## COUNT VII
### Breach of the Implied Covenant of Good Faith and Fair Dealing
#### 42 U.S.C. § 12102

94.    The allegations of Paragraphs 1 through 93. are incorporated by reference as if fully reinstated herein.

95.    Every contract, whether oral or written, express or implied, has a covenant to the effect that neither party to the contract will do anything in bad faith to prevent the other party to the contract from enjoying the benefits of the contract. This is known as the implied covenant of good faith and fair dealing, and this covenant applies to the employment agreement between Plaintiff and Defendant. The Defendant has acted in bad faith pursuant to 42 U.S.C. § 12102.

96.    Defendant breached this covenant by intentionally discriminating against Plaintiff because of her disability and terminating Plaintiff in violation of public policy.

97.    Defendant's breach of the implied covenant of good faith and fair dealing has damaged Plaintiff, financially and professionally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A.      Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B.      Awarding Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C.      Awarding Plaintiff all compensation due as a result of Defendant's violations herein.

D.   Awarding Plaintiff punitive damages.

E.   Awarding Plaintiff an equal and additional amount as liquidated damages.

F.   Awarding Plaintiff costs and reasonable attorney's fees.

G.   Awarding Plaintiff pre and post judgment interest at the legal rate.

H.   Any and all such other relief as the Court deems appropriate under the circumstances.

ALLEN & ASSOCIATES

/s/ Michele D. Allen
Michele D. Allen (#4359)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
*Attorney for Plaintiff*

Dated: June 13, 2019